UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

CESAR ISABEL,

        Defendant.

Criminal No. 07-585M-3 (AK)

## DETENTION MEMORANDUM

The Defendant, Cesar Isabel, has been charged by complaint with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). The government requested a detention hearing, which was held on November 27, 2007. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## Findings of Fact

At the detention hearing, Detective King Watts of the Metropolitan Police Department Narcotics and Special Investigation Division testified for the government. Detective Watts testified that on November 20, 2007, at approximately 4:00 p.m., a confidential informant (CI #1) met with Defendant Cesar Isabel in the parking lot of a Shoppers Food Warehouse in Prince George's County, Maryland. Defendant Isabel indicated to CI #1 that Defendant Isabel knew other individuals that wanted to sell several kilograms of cocaine. Some time later, Defendant

Isabel and CI #1 were joined in Maryland by Defendants Francisco Marte and Ismael Rodriguez. The men agreed to travel to the District of Columbia and meet up with a fifth individual, another confidential informant (CI #2), who would supply $26,000 to complete the narcotics transaction.

CI #1 and Defendant Isabel drove to the District of Columbia in CI #1's car. Defendants Marte and Rodriguez followed in a black Pontiac. The two cars pulled into a parking lot located at 5510 3rd Street, N.E., Washington, D.C. and parked near an undercover vehicle driven by CI #2. Defendants Isabel, Marte, and Rodriguez and CI #1 joined CI #2 in the undercover vehicle. Defendants Marte and Rodriguez asked CI #2 to see the money but CI #2 refused to show the money - which was never in the car - until Defendants Marte and Rodriguez produced the narcotics. Defendant Rodriguez then exited the undercover vehicle and proceeded to his vehicle where he retrieved a red bag from the front passenger seat. Defendant Rodriguez returned to the undercover vehicle and gave the red bag to Defendant Marte, who then showed the narcotics to CI #2.

After seeing the narcotics, CI #2 gave a prearranged signal to Metropolitan Police Department officers who were waiting in the parking lot. Approximately seven to eight officers approached the undercover vehicle, at which time Defendants Isabel, Marte and Rodriguez fled on foot. All three men were apprehended before they could leave the immediate area. Officers located the red bag on the front passenger seat of the undercover vehicle and found two square packages of white powder wrapped in plastic and tin foil inside the bag. The white powder field tested positive for cocaine. One package contained 512 grams and the other contained 511 grams, for a total of 1023 grams of cocaine powder. Detective Watts estimate that the street value of these narcotics is between $100,000 and $200,000. A search of Defendant Marte's

person after his arrest revealed 3.5 grams of a white powder, which field tested positive for

cocaine, and two one-dollar bills with white powder residue.

### Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, provides, in pertinent part, that if

a judicial officer finds by clear and convincing evidence that "no condition or combination of

conditions will reasonably assure . . . the safety of any other person and the community, such

judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e).

Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention.

*United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113

(3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Having heard the testimony at the November 27, 2007 hearing, the Court found that there

is probable cause to believe that the Defendant committed an offense in violation of 21 U.S.C. §

841(a)(1). When, as here, there is probable cause to believe that a Defendant has committed a

violation of the Controlled Substance Act for which a maximum penalty of ten years or more is

prescribed, a rebuttable presumption arises that no pretrial release condition or combination of

conditions may be imposed to assure his future presence in court or to reasonably assure the

safety of the community. 18 U.S.C. § 3142(e).

In determining whether there are conditions of release which will reasonably assure the

safety of any other person and the community, the judicial officer shall take into account the

available information concerning (1) the nature and circumstances of the offense charged; (2) the

weight of the evidence against the defendant; (3) the defendant's history and characteristics,

including the defendant's ties to the community; and (4) the nature and seriousness of the danger

to any person or to the community which would be posed by the defendant's release. *See* 18

U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention for the

Defendant. The Defendant is charged with possession with intent to distribute cocaine — a

serious drug-related charge carrying a prison sentence of ten years or more. The quantity of

narcotics in this case is also significant - 1023 grams of cocaine were recovered from the red bag.

Additionally, Detective Watts testified that the narcotics in this case could be re-packaged and

sold for as much as $200,000.

The second factor, the weight of the evidence, favors detention for the Defendant.

Although much of this case is based on unrecorded statements made by confidential informants,

those statements were corroborated by the actions of all three defendants. Defendant Isabel

initiated the narcotics transaction in this case by approaching CI #1 in Maryland.

The third factor, the defendant's history and characteristics, favors detention. The

Defendant is currently on release pending a preliminary hearing on grand larceny charges in

Fairfax County. That the Defendant was arrested while released on personal recognizance

demonstrates that the Defendant cannot abide by conditions of release set by a court.

The fourth factor, the nature and seriousness of the danger to the community should the

Defendant be released, also favors detention. Although the instant charges did not involve

violent activity, cocaine is a dangerous and illegal substance that causes violence in and around

the District of Columbia. The large amount of cocaine involved, combined with the high value

for which these narcotics could be sold on the streets of the District of Columbia, indicates that

the Defendant poses a high level of dangerousness to the community.

### **Conclusion**

Based upon consideration of the facts presented at the preliminary and detention hearings, and the factors set forth in § 3142(g), the Court concludes that Defendant has failed to overcome the presumption in favor of detention established by the Bail Reform Act.  The Court thus finds by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community.  The government's motion for pretrial detention is therefore granted.

Dated: November __29__, 2007                    ____/s/_____
                                                ALAN KAY
                                                UNITED STATES MAGISTRATE JUDGE